IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBYN EASLEY,                          §
                                       §
                Plaintiff,             §
                                       §
VS.                                    §        Civil Action No. 3:23-CV-2007-D
                                       §
WAL-MART STORES TEXAS, LLC,            §
                                       §
                Defendant.             §

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, defendant Wal-Mart Stores Texas, LLC

("Wal-Mart") moves for summary judgment, and plaintiff Robyn Easley ("Easley") moves

to extend the deadline to file her response to Wal-Mart's motion.  For the reasons that follow,

the court grants Easley's motion and defers a ruling on Wal-Mart's motion for summary

judgment.

I

Easley alleges that she was walking through the produce section at a Wal-Mart store

in Dallas when she slipped on water and fell, suffering a concussion, a pinched nerve, and

a compression fracture.  According to Easley, when she stood up after her fall, she was

completely wet.

Wal-Mart moves for summary judgment, contending that Easley has presented no

evidence in support of multiple essential elements of her premises liability claim.  Easley

opposes the motion.  On June 20, 2024—four days before her response to Wal-Mart's motion

was due—she moved to extend the deadline to file her response, alleging that she was unable to depose Wal-Mart employee David Rodriguez ("Rodriguez") on the originally scheduled date of May 6, 2024 and that she intended to depose him on June 25, 2024. Wal-Mart has not responded to Easley's motion.[1]

On June 24, 2024 Easley responded to Wal-Mart's motion, but she again asserted that she needed additional time to respond fully. She also asserted that she reserved the right to supplement her response once she had gathered additional evidence.[2] Wal-Mart has filed a reply in support of its summary judgment motion, but has not responded specifically to this assertion.

## II

Easley bases her motion on Fed. R. Civ. P. 6(b), but her reliance on Rule 6(b) rather than Rule 56(d) is misplaced. Nevertheless, because her motion adequately addresses what the court should consider under Rule 56(d), the court will treat the motion as if it were filed under the correct rule.

### A

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas. Co. v. Whirlpool*

---

[1]Wal-Mart's response, had it intended to file one, would have been due on June 21, 2024. *See* N.D. Tex. Civ. R. 7.1(e).

[2]The court does not suggest that it agrees with this so-called reservation of rights. As the court explains, in federal court, Fed. R. Civ. P. 56(d) controls.

*Corp.*, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). The Rule states:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d).

To obtain relief under Rule 56(d), the summary judgment nonmovant must present by affidavit or declaration "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. Appx. 342, 348 (5th Cir. 2014) (per curiam) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Although the court may grant or deny a Rule 56(d) motion within its "sound . . . discretion," *Winfrey v. San Jacinto County*, 481 Fed. Appx. 969, 983 (5th Cir. 2012), such requests are nevertheless "broadly favored and should be liberally granted." *Kean*, 577 Fed. Appx. at 348. This is especially so where the summary judgment nonmovant "(i) request[s] extended discovery prior to the court's ruling on summary judgment; (ii) place[s] the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrate[s] to the district court with reasonable specificity how the requested discovery pertain[s] to the pending motion." *Winfrey*, 481 Fed. Appx. at 982-83 (quoting *Enplanar*,

*Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)).

But when a summary judgment nonmovant fails to present her request with an affidavit or fails to demonstrate that she "has . . . diligently pursued discovery, . . . she is not entitled to relief[.]"  *Kean*, 577 Fed. Appx. at 348 (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)); *see also Leza v. City of Laredo*, 496 Fed. Appx. 375, 377-78 (5th Cir. 2012) (per curiam) (holding that a Rule 56(d) motion unsupported by affidavit or declaration is "procedurally defective" because an "affidavit . . . is what Rule 56 requires.").   Moreover, "[a] nonmovant is not entitled to a continuance," or leave to supplement, if she "fail[s] to explain what discovery [she] did have, why it was inadequate, and what [she] expected to learn from further discovery'" and instead gives only "vague assertions of the need for additional discovery."  *State Farm Fire & Cas. Co.*, 2011 WL 3567466, at *2 (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)).

B

Easley contends that she should be allowed to supplement her summary judgment response because, through no fault of her own, she was unable to depose Rodriguez until after her response was due.  She also points out that the discovery deadline in this case has not yet passed, and will not pass until September 3, 2024.  Wal-Mart has not responded to these assertions.

Easley has provided a reason for her delay: she was unable to take Rodriguez's deposition as planned on May 6, 2024, when he failed to appear.  And she has explained that she expects Rodriguez's deposition to produce evidence bearing on the question whether

-4-

Wal-Mart had actual or constructive notice of the condition of the floor prior to her fall. She has duly supported her motion with a sworn affidavit.[3]

Accordingly, Easley has established that she is entitled to relief under Rule 56(d).

III

The court grants Easley's motion, defers its decision on Wal-Mart's motion for summary judgment, and gives Easley leave to file supplemental summary judgment proof. Easley must file her proof, and a supplemental response brief, by September 3, 2024. Wal-Mart may file a supplemental reply brief (but not an additional evidence appendix[4]) within 14 days of the date Easley's supplemental response is filed.

**SO ORDERED**.

July 29, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]Even if the timing of the discovery deadline is material to the court's reasoning, the deadline has not yet passed.

[4]*See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that a party may not file a summary judgment reply appendix without first obtaining leave of court).